914 F.2d 255
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Asbel CAMPBELL, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-3859.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1990.
 
 Before BOYCE F. MARTIN, Jr., and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Asbel Campbell appeals the order of the Benefits Review Board affirming the denial of black lung disability benefits. We affirm.
 
 
 2
 Asbel Campbell worked for approximately eleven years as a repairman inside the South-East Coal Company's coal mines. He completed his coal mine employment in 1960. On March 19, 1984, Campbell filed a claim for black lung benefits. The medical record contained five interpretations of three separate x-rays. Two interpretations were positive for pneumoconiosis and three were negative. The administrative law judge found that the x-ray evidence did not support the conclusion that Campbell had pneumoconiosis, relying on the most recent x-ray interpreted by a board-certified radiologist.
 
 
 3
 Dr. Cordell Williams examined Campbell on June 18, 1984. Dr. Williams found "no objective evidence of cardiovascular or pulmonary disease." His finding was based on a physical examination, arterial blood gas studies, an electrocardiogram, and an x-ray interpretation. In addition to the objective tests, Dr. Williams noted Campbell's eleven years of coal mining employment, fifteen years of smoking, and complaints of shortness of breath and occasional chest pains, but Dr. Williams did not alter his finding.
 
 
 4
 Dr. Richard O'Neill submitted a report dated November 14, 1984, in which he stated that Campbell had been his patient since 1982. Dr. O'Neill conducted a physical examination and a pulmonary function study, and also took an x-ray. Dr. O'Neill took note of Campbell's coal mining history and background of smoking one pack of cigarettes per day for thirty-eight years until 1982. Dr. O'Neill concluded that Campbell had severe obstructive airway disease, chronic bronchitis, probable emphysema, coal workers' pneumoconiosis, and hypertension-good control.
 
 
 5
 Dr. John Myers submitted a report contemporaneously with Dr. O'Neill's report. Based upon a positive pneumoconiosis x-ray interpretation and his review of Dr. O'Neill's report, Dr. Myers found that Campbell met the criteria for black lung disability and that he was functionally incapable of underground coal mining.
 
 
 6
 In a letter dated March 11, 1986, Dr. O'Neill reiterated his findings and stated that they were "consistent with severe obstructive airway disease and pulmonary emphysema." He also stated that a 1982 x-ray showed coal workers' pneumoconiosis, stage 1/1. On April 28, 1986, in response to written questions from the Director of the Office of Workers' Compensation Programs, Dr. O'Neill stated that the cause of Campbell's "obstructive and restrictive lung disease was chronic cigarette smoking." He also stated that the restrictive disease was due to an increase in the residual volume caused by emphysema and air-tracking, and that Campbell was totally disabled "as a result of emphysema."
 
 
 7
 The administrative law judge found that Campbell was afflicted with pneumoconiosis which arose out of his coal mining employment. The administrative law judge also found that Campbell was totally disabled. The administrative law judge denied the claim, however, concluding that Campbell had failed to show that his disability was due to pneumoconiosis.
 
 
 8
 Campbell appealed the denial of benefits to the Benefits Review Board, asserting that he was not required, under Part 718 regulations of the Black Lung Disability Benefits Act, to establish that his disability was due to pneumoconiosis. He also contended that the administrative law judge had erred by relying on Dr. O'Neill's finding that Campbell was not totally disabled due to pneumoconiosis because Dr. O'Neill was killed in a car accident shortly after completing his report, and Campbell was therefore unable to inquire further "as to the basis and strength of Dr. O'Neill's expressed opinion."
 
 
 9
 The Board affirmed the denial of benefits. The Board noted that Campbell had submitted an earlier, March 11, 1986, report by Dr. O'Neill in violation of the time restrictions in 20 C.F.R. 725.456(b), and that the administrative law judge had accordingly held that the record should remain open solely for the Director's submission of a medical report in response to the March, 1986 report. The Board held that the administrative law judge acted within his discretion in permitting the Director to submit Dr. O'Neill's answers to interrogatories as the supplemental report, and that the administrative law judge did not err in refusing to grant Campbell an opportunity to rebut Dr. O'Neill's answers.
 
 
 10
 The Board also rejected Campbell's claim that once a claimant establishes the existence of pneumoconiosis and a totally disabling pulmonary impairment, that claimant is not also required to establish that such impairment is due to pneumoconiosis. The Board held that a claimant must establish that his total disability is due to pneumoconiosis.
 
 
 11
 On appeal, Campbell contends that the evidence establishes that his totally disabling respiratory impairment is "due to pneumoconiosis" as required by 20 C.F.R. 718.204. In order to establish entitlement to black lung disability benefits, a claimant must establish that he suffers from pneumoconiosis, that the pneumoconiosis arose out of his coal mine employment, and that he is totally disabled by pneumoconiosis. Director, OWCP v. Magnifest, 826 F.2d 1318, 1320 (3d Cir.1987). Where a claimant has established the existence of pneumoconiosis and a totally disabling respiratory impairment, that claimant must still show that his pneumoconiosis was "a contributing cause to his total disability," and the administrative law judge "must be convinced of this fact by a preponderance of the evidence." Adams v. Director, OWCP, 886 F.2d 818, 825 n. 9 (6th Cir.1989). In the instant case, there is no evidence establishing that Campbell's pneumoconiosis was a contributing cause to his total disability. The only doctor that commented on the cause of Campbell's total disability, Dr. O'Neill, stated that the cause was emphysema. The Benefits Review Board, therefore, properly affirmed the denial of benefits on the ground that the medical evidence failed as a matter of law to establish total disability due to pneumoconiosis.
 
 
 12
 Campbell also contends that the administrative law judge erred in considering Dr. O'Neill's answers to the Director's interrogatories because Dr. O'Neill was unavailable for cross-examination. The administrative law judge ordered that the record would be kept open to allow the Director to respond to the March 11, 1986 medical report of Dr. O'Neill because Campbell had filed Dr. O'Neill's report after the deadline. The administrative law judge stated in the order that no other evidence would be admitted. Thus, Campbell was not unfairly prejudiced by the administrative law judge's reliance on Dr. O'Neill's answers to the Director's interrogatories.
 
 
 13
 Finally, Campbell argues that in adjudicating his claim, the administrative law judge should have applied federal black lung laws in effect prior to 1980 because his coal mine employment occurred before 1980. Because it is clearly established that claims filed after March 31, 1980 are to be considered only under the permanent Part 718 regulations and not under prior black lung laws, we find this argument to be without merit.
 
 
 14
 Accordingly, the Benefits Review Board's decision affirming the administrative law judge's denial of benefits is affirmed.